# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**SPENCER SAVINGS BANK, S.L.A.,**
and **BARRY MINKIN,**

    Plaintiffs,

    v.

**PHILIP A. VASTA, CATHERINE A. HIGGINS, JOHN H. MEREY, RICHARD J. LASHLEY, FREDERICK OZDOBA, FRANCESCA OZDOBA, ROBERT MITCHELL, ANDREW FISH, and HOWARD KENT,**

    Defendants.

Civ. No. 21-20485 (KM) (JRA)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

    This matter comes before the Court on the motion (DE 21)[1] of Defendants Philip A. Vasta, Catherine A. Higgins, John H. Merey, Richard J. Lashley, Frederick Ozdoba, Francesca Ozdoba, Robert Mitchell, Andrew Fish, and Howard Kent (referred to collectively as the "named defendants") to dismiss the complaint of Plaintiffs Spencer Savings Bank, S.L.A. and Barry Minkin (referred to together as "Spencer") pursuant to Federal Rule of Civil Procedure 12(b)(7) or, in the alternative, under the *Colorado River*[2] abstention doctrine or the first-filed rule. For the reasons set forth below, I will **DENY** the named defendants' motion to dismiss.

---

[1]     Certain citations to the record are abbreviated as follows:

    DE = docket entry

    Compl. = Amended Complaint (DE 5)

    Mot. = Defendants' Brief in Support of Motion to Dismiss (DE 21-3)

    Op. Mot. = Plaintiffs' Brief in Opposition to Motion to Dismiss (DE 27)

    Reply Mot. = Defendants' Reply Brief in Support of Motion to Dismiss (DE 28)

[2]     *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976).

I.   **BACKGROUND**

Spencer Savings Bank is a mutual community savings association in New Jersey. (Compl. ¶ 11). Pursuant to a written policy, all member-depositors of Spencer must either live or work within New Jersey in order to open an account. (*Id.* ¶¶ 28, 40–41.) This limited membership structure allows the bank to avoid the burden and cost of compliance with the myriad of banking laws and restrictions in other states. (*Id.* ¶ 28) As a mutual savings association, Spencer has no stockholders and is principally governed by its board of directors. (*Id.* ¶ 27). Each member-depositor receives one vote in a board election pursuant to the bank's corporate bylaws and New Jersey law. (*Id.* ¶¶ 27, 30).

In the summer of 2021, a change in Connecticut law prompted Spencer to review its bank account holders to determine if any resided in Connecticut. (*Id.* ¶ 47). The review identified numerous member-depositors who appeared to reside in Connecticut, raising concerns that some accounts might be in violation of the bank's in-state policy. (*Id.* ¶ 48.) Spencer engaged in a broader review of its member-depositors to determine if any other noncompliant accounts existed and flagged 1,895 deposit accounts. (*Id.* ¶ 49.) In August 2021, Spencer mailed a letter to the holder of each flagged account requesting confirmation of New Jersey residency or employment within 25 days. (*Id.* ¶ 50.) Spencer closed 1,651 accounts for failure to comply with its request. (*Id.* ¶¶ 51–52.)

The nine named defendants are individuals who do not currently reside or work in New Jersey and whose accounts Spencer closed following the 2021 audit. (*Id.* ¶ 53.) Spencer believes these individuals opened their accounts for the sole purpose of assisting a third party, Lawrence Seidman, in his long-standing efforts to be elected to Spencer's board of directors. (*Id.* ¶ 90.) Unlike the named defendants, Seidman is a New Jersey resident. (*Id.* ¶ 89.) The validity of Seidman's account was not called into question by the audit, and he is not named as a defendant in this action.

On November 10, 2021, the named defendants, Seidman, and two other individuals whose accounts were closed as a result of the audit filed an action in New Jersey state court against Spencer Savings Bank, Minkin, and other members of the bank's board of directors. That state court complaint asserts claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the New Jersey Consumer Fraud Act. (DE 27-2. I will refer to this as the "State Case.")

On December 13, 2021, Spencer filed this federal action. Spencer filed its amended complaint on December 23, 2021, alleging breach of implied covenant of good faith and fair dealing (Count I); tortious interference with business relationship (Count II); fraud (Count III); and conspiracy (Count IV). (DE 5.) The named defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(7) for failure to join Seidman as a necessary party under Federal Rule of Civil Procedure 19. (Mot. p. 8.) Alternatively, the named defendants seek to dismiss the complaint under the *Colorado River* abstention doctrine or the first-filed rule. (*Id.* pp. 17, 22.) Spencer filed an opposition to the motion (DE 27), to which the named defendants replied (DE 28.)[3]

## II. DISCUSSION

### A. Rule 19 – Mandatory Joinder

I turn first to the named defendants' argument that Lawrence Seidman is a necessary and indispensable party under Federal Rule of Civil Procedure 19. (Mot. p. 8.) Federal Rule of Civil Procedure 12(b)(7) provides that a party may move to dismiss the complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). "In reviewing a Rule 12(b)(7) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all

---

[3] It is claimed that the motivation for the Rule 19 motion is to force the addition of Seidman, a party who would destroy diversity jurisdiction. *See* 28 U.S.C. § 1332(a). It is claimed that the motivation for disallowing the named defendants' accounts is the suspicion that they were opened for the sole purpose of voting Seidman onto the Board. This court, however, adjudicates legal claims, not underlying motivations, and I will dispose of those claims on their merits.

reasonable inferences therefrom in favor of the non-moving party." *Malibu Media, LLC v. Tsanko*, No. 12-cv-3899, 2013 WL 6230482, at *7 (D.N.J. Nov. 30, 2013) (citing *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 F. App'x 803, 805 (3d Cir. 2003)). Rule 19 "specifies the circumstances in which the joinder of a particular party is compulsory." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). The Rule 19 analysis is three-fold; the court asks first whether the party is "necessary," then whether joinder of the party is "feasible," and finally, whether the party is "indispensable." Fed. R. Civ. P. 19; *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993). The party seeking to add a necessary party under Rule 19 "bears the burden of showing why an absent party should be joined." *Disabled in Action of Pa. v. SEPTA*, 635 F.3d 87, 97 (3d Cir. 2011).

Under Rule 19(a)(1)(A), a party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). The named defendants argue that the court cannot accord complete relief in Seidman's absence because Spencer seeks injunctive relief "preventing defendants from attempting . . . to interfere with Spencer's management, governance, and elections." (Mot. p. 12.) Entering such an order in Seidman's absence, they say, would not prevent *him* from continuing *his* allegedly "unlawful campaign . . . to defraud Spencer and its depositors." *Id.*

That objection is misconceived. Subsection 19(a)(1)(A) is concerned with whether the district court can "grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial." *Gen. Refractories Co.*, 500 F.3d at 313; *see also Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley, Pa*, 385 F. App'x 135, 145 (3d Cir. 2010) (same). Spencer seeks injunctive relief to prevent the *named defendants* from "attempting to obtain deposit accounts or voting rights with Spencer in violation of Spencer's Membership Policy and/or its T&C Agreement . . . so long as Defendants remain non-residents of the State of New Jersey or work in states other than New Jersey." (Compl. p. 32.) Spencer has not asked this court

to take any such action against Seidman, nor could it. The claim is that the depositors are ineligible and that their accounts must remain canceled because they live and work out of state. Seidman does not fit within that category, in that he appears to be a resident of New Jersey and his account with Spencer remains open. (*See id.* ¶ 89.) Therefore, I may grant the complete relief sought by Spencer without joining Seidman as a defendant.

Alternatively, an absent party claiming an interest in the action must be joined if disposition of the action would impair the absent party's ability to protect its interest or "leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). Under either circumstance, the absent party must "claim[] an interest relating to the subject of the action." *Id.* Generally, a vague or abstract interest will not suffice; rather, the interest must be "a legally protected interest" that is "relat[ed] to the subject of the action." *GEICO v. Korn*, 310 F.R.D. 125, 132 (D.N.J. 2015) (quoting *Liberty Mutual Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005)). Further, if the absent party's asserted interest in the action will be fully represented by the parties present, joinder is not required. *Owens-Illinois, Inc. v. LakeShore Land Co., Inc.*, 610 F.2d 1185, 1191 (3d Cir. 1979).

The named defendants assert that proceeding without Seidman would "impair or impede [Seidman's] ability to protect his interest in voting rights of Spencer's membership." (Mot. pp. 12–13.) According to the named defendants, because Seidman is running for membership of Spencer's board, he has a "significant interest" in the voting rights of Spencer's members. (*Id.* p. 13.) Seidman's interest in the overall voting rights of Spencer's membership, however, is diffuse. To the extent the named defendants claim that Seidman has an interest in protecting *their* voting rights, the claim is superfluous. Defendants can fully represent their own interest in being voting member-

depositors—the interest truly at stake here—without the joinder of Seidman. *See Owens-Illinois, Inc.*, 610 F.2d at 1191.[4]

The named defendants also fail to show that they would be subject to inconsistent obligations. *See* Fed. R. Civ. P. 19 (a)(1)(B)(ii). "[A]n unsubstantiated or speculative risk will not satisfy Rule 19(a) criteria—the possibility of exposure to multiple or inconsistent obligations must be real." *Culinary Serv. of Delaware Valley, Inc.*, 385 F. App'x at 145. The named defendants make a single, conclusory statement that they will be "subject . . . to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." (Mot. p. 10.) They do not provide any explanation or support for that position in their briefing, and therefore do not meet Rule 19's requirements.

Because the named defendants fail to satisfy any of the requirements of Rule 19(a), I find that joinder of Seidman is not necessary.

### B. *Colorado River* Abstention

The federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them by Congress. *Colorado River*, 424 U.S. at 817. There are, however, a few narrow "exceptional circumstances" in which federal courts can abstain from exercising jurisdiction in favor of parallel state proceedings. *Id.* at 813. *Colorado River* abstention applies "where the presence of concurrent state proceedings may indicate that a district court should abstain from the

---

[4] Defendants, for the first time in their reply brief, assert an additional interest on behalf of Seidman: that he will be bound by the injunctive relief Spencer seeks as a "person[] in active convert or participation" with the named defendants. (Reply Mot. p. 4.) The court has discretion to decline to consider issues raised for the first time in a reply brief. *Gap Props., LLC v. Cairo*, No. 19-cv-20117, 2020 WL 7183509, at *8 (D.N.J. Sept. 17, 2020). At any rate, the asserted interest is a very indirect one. And the court must observe that this newly-raised contention contradicts the defendants' position in their moving brief that the court cannot accord complete relief to Spencer because any injunction would *not* apply to Seidman's actions. (Mot. p. 12.) And it bears repeating that Seidman himself is not alleged to be an ineligible, out-of-state depositor. Regardless, whether the injunction applies to Seidman depends on whether it issues against the named defendants, who can adequately represent any interest in avoiding the issuance of the injunction against themselves. *See US Tech Sols., Inc. v. eTeam, Inc.*, No. 17-cv-1107, 2017 WL 3535022, at *4 (D.N.J. Aug. 16, 2017).

6

'contemporaneous exercise of concurrent jurisdiction[]' due to principles of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 284 n. 10 (3d Cir. 2017). The Third Circuit has set forth a six-factor framework for determining the appropriateness of *Colorado River* abstention:

> The initial question is whether there is a parallel state proceeding that raises "substantially identical claims [and] nearly identical allegations and issues." If the proceedings are parallel, courts then look to a multi-factor test to determine whether "extraordinary circumstances" meriting abstention are present. . . .
>
> In determining whether an action presents "extraordinary circumstances" we consider six factors: "(1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." "No one factor is determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." The balancing of factors is "heavily weighted in favor of the exercise of jurisdiction."

*Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307–08 (3d Cir. 2009) (internal citations and footnote omitted).

Even presuming that the state and federal matters are substantially identical,[5] there are no "extraordinary circumstances" warranting abstention here. *See id.* ("We need not take up the parallel action analysis here because, even presuming parallelism, this action does not present the type of circumstances warranting abstention."). Factor one does not apply because

---

5   *But see* Section II.C, *infra* (noting that Spencer alleges tort claims in the federal action that are not present in the State Case, and the State Case includes additional parties not before this court, including Seidman, Ira Camhi, and members of Spencer's Board of Directors).

this is not an *in rem* case. *See id.* at 308 (finding the first factor "irrelevant" because it was "not an *in rem* action"). Factor two does not weigh in favor of abstention because, as the named defendants acknowledge, the State Case and this federal action were filed in New Jersey courts that are "fifteen miles" apart, so there would be no net gain in convenience. (*See* Mot. p. 20.) Similarly, factor three does not weigh in favor of abstention because there is no "strongly articulated *congressional policy* against the piecemeal litigation in the specific context of the case under review," *Ryan v. Johnson*, 115 F.3d 193, 198 (3d Cir. 1997), and the application of ordinary principles of res judicata could prevent any inconsistent outcomes, *see* 32A Am. Jur. 2d, Federal Courts § 1061 ("The concern with piecemeal litigation arises primarily where parallel lawsuits pose a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel."). Factor four is neutral. Although the State Case was filed one month before the federal case, both are at early and similar stages. *See id.* at § 1062 ("The order in which jurisdiction is taken is not a mechanical concept automatically favoring the party who filed first but rather a concept that favors the case that is the more advanced at the time the *Colorado River* abstention balancing is being done."). The parties have begun some discovery in both cases, and the state court has not issued an opinion on the pending motion to dismiss. (*See* DE 21-1; DE 27-3.) Factor five is also neutral because this case is before me solely based on diversity jurisdiction, and it asserts only matters of state law. *See Ryan*, 115 F.3d at 199 ("[W]hile the presence of federal issues militates against abstention, the converse cannot be said; abstention cannot be justified merely because a case arises entirely under state law."). The sixth, and final, factor is likewise neutral because there is no reason to think that the state court cannot adequately adjudicate these issues. *See Flint v. A.P. Desanno & Sons*, 234 F. Supp. 2d 506, 514 (E.D. Pa. 2002) ("The adequacy of the state forum normally is only relevant when the state forum [cannot] adequately protect the rights of the parties.") (citing *Moses H. Cone*

*Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983); *Ryan*, 115 F.3d at 200)).

Applying the relevant factors, I find that this case does not present exceptional circumstances that would warrant this Court to forgo its "virtually unflagging obligation" to exercise jurisdiction. I will therefore deny the application to abstain under *Colorado River*.

### C. First-Filed Rule

Under the "first-filed" rule, a district court may "enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir.1988); *see also Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d Cir. 2016) (en banc) ("[The first-filed] rule is a comity-based doctrine stating that, when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority."). "[T]he rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *E.E.O.C.*, 850 F.2d at 977.

The named defendants filed their action first in New Jersey state court, and Spencer filed its case shortly thereafter in federal court. The named defendants assert that there is a split of authority as to whether the first-filed rule applies to concurrent state and federal cases or if it is limited to concurrent federal cases. (Mot. pp. 22–23.) Spencer disagrees and responds that New Jersey district courts limit application of the first-filed rule to co-pending federal cases. (Op. Mot. pp. 23–24.)

The Third Circuit has not spoken, but district court case law within this Circuit "suggests that the first-filed rule and its exceptions do not apply between federal and state court actions." *ACE Am. Ins. Co. v. Guerriero*, No. 17-cv-820, 2017 WL 3641905, at *10 (D.N.J. Aug. 24, 2017), *aff'd*, 738 F. App'x 72 (3d Cir. 2018); *see, e.g., Spellman v. Express Dynamics, LLC*, 150 F. Supp. 3d 378, 387–88 (D.N.J. 2015). I am persuaded by those decisions. In my view, the first-filed rule is a means for the federal system to efficiently allocate its

9

own resources. When there is no parallel state proceeding, the federal court is free to do so, unencumbered by concerns of federalism. As Judge Walls thoroughly explained in *Spellman*, however, application of the first-filed rule to parallel federal and state litigation would negate *Colorado River*, subsuming it to the first-filed rule's "more lenient and permissive standard." *Spellman*, 150 F. Supp. 3d at 387–88. Such an outcome would be inconsistent with federalism and the federal courts' "strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Id.* at 387 (quoting *Nationwide Mut.*, 571 F.3d at 307).

Even in the context of parallel federal litigations, the first-filed rule "generally applies when the two cases are truly duplicative, *i.e.*, when they involve the same issues and same parties." *Gaetano v. Gilead Scis., Inc.*, No. 21-cv-1418, 2021 WL 3185822, at *7 (D.N.J. July 27, 2021). As the Third Circuit has explained, "the issues between the actions must be so similar that a decision in one case would leave little or nothing to be determined in the other." *Coyoy v. United States*, 526 F. Supp. 3d 30, 44 (D.N.J. 2021) (internal quotations omitted); *see Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 334 n.6 (3d Cir. 2007)). Here, the federal and state court matters do not involve the "same issues" and the "same parties." It is true that they overlap; both assert claims for breach of contract based on the same underlying facts. However, Spencer alleges tort claims in the federal action that are not present in the State Case, and the State Case includes additional parties not before this court, including Seidman, Ira Camhi, and members of Spencer's Board of Directors. (*See* DE 27-2 pp. 1-2.)

In short, I decline to apply the first-filed rule in this case, both as a discretionary matter and because it is not appropriately applied to concurrent state and federal cases.

### III. CONCLUSION

For the reasons set forth above, the motion to dismiss the Amended Complaint is denied. A separate order will issue.

Dated: September 28, 2022

/s/ Kevin McNulty

　　　　　　　　　　　　　　　　　　　　　　　　

**Hon. Kevin McNulty**
**United States District Judge**